IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARIUS C. POWELL,                )
                                 )
            Plaintiff,           )
                                 )
    v.                           )    No.  08 C 1270
                                 )
LT. McNAMARA, et al.,            )
                                 )
            Defendants.          )

<u>MEMORANDUM</u>

This Court has just received the following two documents from pro se plaintiff Marius Powell, whose self-prepared 42 U.S.C. §1983 Complaint has previously been allowed to proceed without prepayment of the entire $350 filing fee (see this Court's March 5, 2008 memorandum order):

   1. Powell's Motion for Appointment of Counsel ("Motion"), which employs the form made available by this District Court's Clerk's Office for use by in forma pauperis plaintiffs such as Powell; and

   2. a letter inquiring about the failure to conduct the status hearing that this Court's earlier order had scheduled for 8:45 a.m. June 9 and had coupled with instructions for defense counsel (on the assumption that one would be in place by then) to make arrangements for Powell to be available by telephone from the Cook County Jail.

This memorandum will deal with both of Powell's communications.

As for the Motion, it properly qualifies Powell for the

appointment of counsel from this District Court's trial bar to serve on a pro bono basis. Accordingly the Motion is granted, and this Court has obtained the name of this lawyer, who is appointed to serve in that capacity:

> Karl W. Roth, Esq.
> Roth Law Group LLC
> 111 West Washington St., Suite 1437
> Chicago IL  60602
> 312.419.9599

That appointment should eliminate the prospect of any similar glitch in the setting of further status hearings.

As for Powell's second communication, the problem that prevented compliance with the arrangement ordered by this Court is that the United States Marshals Service (which has the responsibility for service of process on behalf of indigent pro se plaintiffs) had not yet succeeded in serving any defendant, so that no Assistant State's Attorney had been made aware of this Court's scheduling order. At this point the newly-appointed counsel is expected to follow up on the matter with the Marshals Service, and a next status date is set for 9 a.m. August 22, 2008. In the meantime the appointed counsel is also expected to determine whether Powell's pro se Complaint should be left in its present form or whether an Amended Complaint should be filed to supersede it.

_____
Milton I. Shadur
Senior United States District Judge

Date:  June 20, 2008