UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIUS POWELL | ) | |
| | ) | |
| Plaintiff, | ) | 08 C 1270 |
| | ) | |
| vs. | ) | Honorable Judge |
| | ) | Milton I. Shadur |
| LT. McNAMARA, SGT. SELEMI, | ) | |
| OFC. McHUGH, | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER BY DEFENDANTS SERGEANT ANTHONY SALEMI AND LT. McNAMARA TO PLAINTIFF'S COMPLAINT AT LAW**

NOW COMES Defendants Sergeant Anthony Salemi and Lt. McNamara, by their attorney RICHARD A. DEVINE, State's Attorney of Cook County, through Kevin Frey, Assistant State's Attorney, and answers Plaintiff's Complaint at Law as follows:

1. Said Brass and Officer knowingly, willingly, willfully, intentionally, and maliciously violated my civil rights.

ANSWER: Defendants deny the averments in paragraph 1.

2. Said Brass and Officer knowingly, willingly, willfully, intentionally, and maliciously violated my rights as specified under the Americans with Disabilities Act.

ANSWER: Defendants deny the averments in paragraph 2.

3. Said Brass and Officer knowingly, willfully, willingly, intentionally, and maliciously put my health at risk.

ANSWER: Defendants deny the averments in paragraph 3.

4. Said Brass willingly, knowingly, willfully, intentionally and maliciously encouraged a period of harassment and retribution.

1

ANSWER:　　Defendants deny the averments in paragraph 4.

5.　　Said Brass knowingly, willingly, willfully, intentionally, and maliciously ignored medical prescriptions and medical recommendations.

ANSWER:　　Defendants deny the averments in paragraph 5.

6.　　Said Brass ignored repeated attempts to obtain confiscated medical equipment provided per medical prescription.

ANSWER:　　Defendants deny the averments in paragraph 6.

7.　　Forced to sleep sitting up in my wheelchair overnight due to refusal by Brass to accommodate the return of medically necessary and prescribed equipment. The result causing severe pain in my back, the swelling of my lower limbs and an increased level of spastiscity throughout my body thereby putting my health and safety at risk.

ANSWER:　　Defendants deny the averments in paragraph 7.

8.　　Allowed by Brass and officers to suffer undue emotional stress and pain.

ANSWER:　　Defendants deny the averments in paragraph 8.

9.　　Told by said officer that Cook County Jail officers do not like to honor prescripted orders of the medical staff because "the officers feel that if the medical staff prescribes it, they should supply it themselves! They're always prescribing unnecessary things anyway!"

ANSWER:　　Defendants deny the averments in paragraph 9.

10.　　This event occurred on January 28th 2008 and over a 24 hour period.

ANSWER:　　Defendants deny the averments in paragraph 10.

## AFFIRMATIVE DEFENSES

1. The Plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). See Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004).

2. The defendants request a hearing to examine whether the plaintiff has exhausted all administrative remedies pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). See Pavey v. Conley, 2008 U.S. App. LEXIS 11963 (7th Cir. 2008).

## JURY DEMAND

Defendant demands a trial by jury.

WHEREFORE, based upon the foregoing, Defendants Sergeant Anthony Salemi and Lt. McNamara in their individual and official capacities, request that this Honorable Court grant judgment in Defendants' favor and against Plaintiff on all aspects of his Complaint at Law. Defendants further request that this Honorable Court grant them fees, costs, and such other relief that this Court deems just and appropriate.

Respectfully Submitted,

RICHARD A. DEVINE
State's Attorney of Cook County

By:   *s/Kevin Frey* _____
Kevin Frey
Assistant State's Attorney
Torts/Civil Rights Litigation Section
500 Richard J. Daley Center
Chicago, IL 60602
(312) 603-6189
#6281416